The Honorable Michael Langley, Director Arkansas Alcoholic Beverage Control Division 1515 West 7th Street, Suite 503 Little Rock, AR 72201
Dear Mr. Langley:
I am writing in response to your request for my response to two questions I will paraphrase as follows:
 1. If an application by a private club for an Alcoholic Beverage Control Division ("ABCD") permit in dry territory is denied for any reason before the July 1, 2010 effective date of the permit-fee increase mandated by Act 294 of 2009, but the application is subsequently approved on appeal, should the ABCD collect the increased fee?
 2. If a permit is granted in dry territory on a "conditional" basis with no new permit being issued until after July 1, 2010, should the ABCD collect the increased fee?
RESPONSE
In my opinion, for reasons discussed below, the answer to both of your questions is "no."
Question 1: If an application by a private club for anAlcoholic Beverage Control Division ("ABCD") permit in dry territoryis denied for any reason before the July 1, 2010 effective date ofthe permit-fee increase mandated by Act *Page 2 294 of 2009, but the application is subsequently approved onappeal, should the ABCD collect the increased fee?
Prior to the enactment of Act 294 of 2009, the Code mandated that "[t]he application for a private club . . . be accompanied by an annual permit fee of five hundred dollars ($500)."[1] In Act 294, the legislature increased this fee as follows:
 (b)(1) The application for a private club shall be accompanied by an annual permit fee of one thousand five hundred dollars ($1,500).
 * * * (3) In an area in which the sale of intoxicating liquor has not been authorized by local option as provided under § 3-8-201 et seq., the application for a private club permit shall be accompanied by an additional application fee of one thousand five hundred dollars ($1,500).[2]
Act 294 thus increased the fee for a private club in dry territory from $500 to $3,000.
Section 29 of Act 294 provides that the permit-fee increase "shall become effective beginning with the 2010-2011 renewal and new permit period."[3] Permits are renewable on or before June 30 of each calendar year for the fiscal beginning July 1.[4] The period to appeal any decision by you as Director regarding whether to grant an application for licensing or renewal thus commences on July 1, 2010[5] — a fact that has prompted you to ask whether the above referenced fee increase *Page 3 
should apply if you have denied an application filed prior to that date but the Board has reversed your decision and granted the license on or after that date.[6]
Before directly addressing this issue, I feel obliged to remark on the following somewhat cryptic statement, which you offer by way of preface to your question:
 I have reviewed Arkansas Attorney General's Opinion 93-111, issued by General Bryant on June 15, 1993. The language used in Act 294 of 2009, § 29 [establishing the effective date of the fee increase], is not on a "four-square basis" with the prior opinion. *Page 4 
For purposes of comparison with your request, at issue in my predecessor's opinion were two questions I will paraphrase as follows: (1) Should the fee charged for a beer-permit application received before the effective date of a fee increase be the pre-or the post-increase amount when the permit could not issue before the effective date of the increase?[7] and (2) Should the higher fee apply if the permit was conditionally approved prior to the effective date of the increase but the conditions were not fulfilled and the permit was not actually issued until after the increase?
In responding to these questions, my predecessor proceeded from the well established rule that legislative enactments will apply prospectively only, unless an intent that they apply retroactively has been clearly expressed or is necessarily implied. Abrego v.United Peoples Federal Savings Loan,281 Ark. 308, 315, 664 S.W.2d 858 (1984). With respect to the first question, my predecessor straightforwardly concluded that the lower figure should apply, since the pertinent statute as amended[8]
provided that the application must be "accompanied by the fee required by law" — a requirement that, on its face, fixed the applicable fee as that in effect on the date of the application. With respect to the second question, my predecessor quite logically concluded that the failure to meet the required conditions might be deemed a denial, thus necessitating the submission of a new application subject to whatever filing fee applied on the date of that new application.
I cannot concur in your conclusion that my predecessor's opinion regarding these questions "is not on a `four-square basis'" with the first of the two questions you have posed. As regards this question, the legislation in effect before the enactment of Act 294 provided unambiguously that "[t]he application for a private club shall be accompanied by an annual permit fee of five hundred dollars ($500)."[9] (Emphasis added.) Following the effective date of Act 294, the pertinent legislation provided, first, that "theapplication for a private club shall be accompanied by an annual permit fee of one thousand five hundred dollars ($1,500)" and, secondly, that an "application" for a permit in a dry territory must *Page 5 
be accompanied by an additional fee of $1,500.[10]
(Emphases added.) Given that the fee at both its pre-and post-increase rate was imposed as a condition of applying for a permit, rather than of being granted a permit, I believe the fee in effect on the date of the application should control. In terms of your question, then, so long as an eventually successfulapplication is filed when the lower fee is in effect, only the lower fee should be paid, regardless of whether the application is approved before or after the date of the increase. This conclusion is materially indistinguishable from that of my predecessor when faced with similar language.
Question 2: If a permit is granted in dry territory on a"conditional" basis with no new permit being issued untilafter July 1, 2010, should the ABCD collect the increased fee?
Your second question differs from that addressed by my predecessor in that you are concerned not with determining what fee should apply if an applicant fails to meet the conditions for final issuance of a permit, but rather with what fee should apply if an applicant meets the conditions for issuance of a permit, but does so only after the effective date of a fee increase.[11] This question raises the issue discussed in my response to your previous question. Again, A.C.A. § 3-9-222(b)(1) provides that "theapplication for a private club" must be accompanied by "an annual permit fee" of $1,500. (Emphasis added.) Subsection (b)(3) *Page 6 
provides for "an additional application fee" of $1,500 if "the sale of intoxicating liquors" is to occur in a dry territory. (Emphasis added.) Although the fee may be for a permit, it remains an "application fee," the amount of which is fixed as of the date of the application, not the date of the actual issuance of a permit. The question that will determine what fee applies is thus neither what fee is in effect on the date when a permit is conditionally issued or what fee is in effect on the date when what you term a "new permit" is physically issued upon the fulfillment of any conditions. My predecessor concluded that the date of a reapplication might control if an initial application was ultimately rejected for failure to meet the permitting conditions. The situation you describe is simpler in that the conditions imposed have actually been fulfilled, leaving only the question if whether the fee should be figured as of the date of the application. In my opinion, given the unambiguous statutory language, the answer to this question is "yes."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JHD/cyh
[1] A.C.A. § 3-9-222(b)(1) (Repl. 2008). Subsection (b)(2) of this statute further set the fee for "a bed and breakfast private club" at $75. This latter fee was not subsequently increased and is consequently not at issue in your request.
[2] A.C.A. § 3-9-222(b) (Supp. 2009).
[3] The provisions of this section are designated as not-for-Code-publication.
[4] A.C.A. § 3-4-216 (Repl. 2008).
[5] See A.C.A. § 3-2-313 (Repl. 2008).
[6] For purposes of general applicability, I have modified your question as submitted into the form set forth in my text. Your submitted factual recitation and question read as follows:
 A party files an application for a private club in a "dry" area with the ABC Division, with all appropriate time deadlines and attachments being completed in order to be considered at the June, 2010, meeting of the ABC Board. For any reason, including opposition from the public or public officials or for failure to meet any regulation or code provision administered by the ABC division, the application is denied by the Director at the June meeting. This means that any appeal that might be filed before the ABC board cannot be heard until after July 1, 2010.
 As authorized by statute [ACA 3-9-223(a)(2)] the application was accompanied by an application fee of $250 which is one half of the amount provided at ACA 3-9-222(b)(1) [pre Act 294 of 2009], since the application, absent objections or other problems, might have been granted rather than denied.
 The Board, at it's [sic] July, 2010, meeting overturns the Director and grants the permit. There is no "new" permit or assigned permit number until after July 1, 2010.
 In the above situation where the permit fee has now been increased to $3000 per Fiscal Year for a "new permit" in a "dry" territory after July 1, 2010, does the agency collect in addition to the $250 already tendered with the initial application an additional fee of $2750 for a "new permit" issued in a "dry" territory after July 1, 2010?
(Bracketed material in original.)
The referenced A.C.A. § 3-9-223(a)(2) (Repl. 2008) provides that "[a]ny permit issued between January and July 1 of any year shall be at one-half (1/2) of the amount of the fee provided in § 3-9-222" — an apparent fee accommodation for those applicants whose newly issued permit will run for 1/2 of the fiscal year or less. Your report that "the application was accompanied by an application fee of $250" — 1/2 of the pre-Act 294 fee — suggests that your question relates to an actual application that is potentially subject to appeal. However, I will address your question as more generally paraphrased in my text.
[7] The increase was enacted pursuant to Acts 1993, No. 528.
[8] A.C.A. § 3-5-302 (Supp. 1991).
[9] A.C.A. § 3-9-222(b)(1) (Repl. 2008).
[10] A.C.A. §§ 3-9-222(b)(1) (b)(3).
[11] In posing this question, you have set forth the following specific hypothetical:
 A party files an application for a private club permit in a "dry" area with the ABCD with all appropriate time deadlines and attachments being completed in order to be considered by the Director, with no objections or problems, at the June, 2010, meeting of the ABC Board. The permit is granted on a "conditional" basis. There will be no appeal to the ABC Board. As allowed by regulation, there is no building in existence to house the permit to be issued by the ABCD. The building will be completed and inspected, with all conditions being met, after July 1, 2010. In the above situation, where the permit fee has now been increased to $3000 per Fiscal Year for a "new permit" in a "dry" territory after July 1, 2010, does the agency collect in addition to the $250 already tendered with the initial application, an additional fee of $2750 for a "new permit" issued in a "dry" territory after July 1, 2010, when all building conditions have been finally met and the permit is ready for issuance?
I gather that the referenced $250 you represent as already having been tendered constitutes 1/2 of the pre-increase $500 fee in effect pursuant to A.C.A. § 3-9-223(a)(2) at the time the application was filed. See note 6, supra. *Page 1